# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALTHEA ALLEN DANIELS,      )
                         )
        Plaintiff,      )
                         )
     v.                )          1:14CV728
                         )
DEPARTMENT OF THE ARMY, et al., )
                         )
        Defendants.     )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

### LEGAL BACKGROUND

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with

filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." <u>Nagy v. Federal Med. Ctr. Butner</u>, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous . . . [or] (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." <u>Nagy</u>, 376 F.3d at 256-57 (some internal quotation marks omitted). Because a plaintiff who brings an action in federal court "has the burden of proving the existence of subject matter jurisdiction," <u>Jones v. American Postal Workers</u>

2

Union, 192 F.3d 417, 422 (4th Cir. 1999); see also Fed. R. Civ. P. 8(a) (requiring pleadings to set forth "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support"), the obvious failure to establish federal subject-matter jurisdiction may render an action frivolous, see, e.g., Overstreet v. Colvin, No. 4:13CV261-FL, 2014 WL 353684, at *3 (E.D.N.C. Jan. 30, 2014) (unpublished) ("A court may consider subject matter jurisdiction as part of the frivolity review.").

Alternatively, a complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal
(continued...)

Plaintiff's Complaint names the Department of the Army, Antonio Matthew Jasinski, and James A. Luevano as Defendants. (Docket Entry 2 at 1-2.)  Although the Complaint itself contains no factual allegations, it refers to several attachments that together suggest Plaintiff alleges she suffered injuries when a vehicle driven by Defendant Jasinski, a Staff Sergeant in the Army, struck Plaintiff's vehicle while at a gas station.  (See Docket Entry 2-1 at 1-3 (Department of the Army Form 2823 containing Plaintiff's sworn statement), 4 (GSA Standard Form 91 to report accident involving federal motor vehicle), 7-8 (Plaintiff's letter to insurer requesting reconsideration of her claim).)  In support of Plaintiff's claims, Plaintiff presents the following factual allegations:

1) "on November 28, 2011[,] [Plaintiff] drove to [a] BP Gas Station located [in Winston-Salem, North Carolina] . . . [and she]

---

[1](...continued)
citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'  But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

was in the left turning lane and [she] turn[ed] into BP Gas Staition [sic]" (id. at 1);

2) "when [Plaintiff] was in half way near the first pump[,] [Defendant Jasinski's] Silver Ford Focus accelerated with speed and [Defendant Jasinksi] did not have both hands on the steering wheel [and] [h]e had a Gatorade bottle to his mouth" (id.);

3) [Defendant Jasinski] hit [Plaintiff's] van and [they] looked at each other" (id.);

4) [Plaintiff] felt a shock in [her] back when [she] turned to the left" (id.);

5) [Defendant Jasinski] then moved his car to the right side of the BP Gas sign [and] [h]e kept moving the car so it would not [line] up with [her] van" (id.);

6) "a police officer [who] was driving [p]as[t] the scene of the accident . . . name[d] Tim Wilson . . . was approached by a witness that was behind [Plaintiff] to turn [into the] BP Gas Station[, which witness] gave her telephone number and full name to [O]fficer [W]ilson . . . [but] she could not stay because she was on her way to work . . . ." (id. at 3);

7) "Officer Wilson took both [drivers'] registration[s] and driver licenses and told [them] [they] had to wait for the officer that was called on the accident" (id.);

8) "two police officers then showed up in two separate cars . . . [one of whom] was named J.L. Whitegiver . . . ." (id.);

9) "[w]hen Officer Whitegiver c[a]me[] outside of [the] BP Gas Station[,] she [went] to Officer Wilson and rec[e]ive[d] both drive[r] licenses and the witness name [and] Officer Wilson then le[ft] the scene" (id.);

10) "[Officer Whitegiver] then approached [Defendant Jasinski] first to talk to him [while] [t]he [other] officer spoke to [Plaintiff] and asked if [she] [was] hurt or [in] need [of] a[n] ambulance" (id.);

11) "[Plaintiff] said yes [and] [t]he officer told [her] to sit tight until the ambulance c[a]me" (id. at 2);

12) "[the officers] and [Defendant Jasinski] walk[ed] back to their cars talking and laughing about eight minutes" (id.);

13) after Plaintiff's mother and the ambulance arrived, "the police . . . search[ed] [Plaintiff's] car[,] . . . looking to find something to find [Plaintiff] at fault . . . [and] try[ing] to tell [Plaintiff's] mother that they were going to give [Plaintiff] the ticket" (id.);

14) Plaintiff's injuries necessitated "surgery on [her] back and upper right but[t]" (id. at 8);

15) Plaintiff later discovered that "the [gas station security] camera was broken on the same day of the accident [and] [t]he camera could not record the accident," (id.); and

16) Plaintiff "was getting harassed by different cars of the Army being parked in front of [her] house and his friends with

unmarked cars [and] [t]here are four witnesses that can verify all these events that happened" (id.).

Based on the foregoing allegations, Plaintiff seeks recovery of her medical expenses totaling $56,998.58, as well as damages for pain and suffering. (Docket Entry 2 at 4.) As an initial matter, Plaintiff's Complaint identifies Defendant Luevano as a "Sergeant First Class" but fails to allege any action or culpable misconduct attributable to him. (See id. at 1-4; Docket Entry 2-1 at 1-8.) In one of Plaintiff's attachments, she states: "The fourth discovery was is [sic] when the Army employee lied to [Defendant] Luevano about the accident and what took place. There was a witness." (Docket Entry 2-1 at 8.) That statement does not give rise to any inference that Defendant Luevano bears responsibility for the vehicle accident. For this reason, Plaintiff has failed to state a claim against Defendant Luevano.

As to the remaining Defendants, the Federal Tort Claims Act ("FTCA") provides a cause of action against the United States to recover for injuries sustained in an automobile accident resulting from the negligence of a federal employee acting within the scope of that employment. See Dolan v. United States Postal Serv., 546 U.S. 481, 487-88 (2006) ("'One of the principal purposes of the Federal Tort Claims Act was to waive the Government's immunity from liability for injuries resulting from auto accidents in which employees of the Postal System were at fault.'" (quoting Kosak v.

United States, 465 U.S. 848, 855 (1984))); Wilkinson v. United
States, 677 F.2d 998, 998-99 (4th Cir. 1982) (describing
requirement that Navy driver had acted in scope of employment to
find United States liable for automobile accident). Plaintiff's
Complaint and related filings, however, fail to assert that she
properly exhausted the available administrative remedies (see
Docket Entry 2 at 1-4; Docket Entry 2-1 at 1-8), as the FTCA
requires, 28 U.S.C. § 2675(a).

In this regard, the FTCA mandates that "the claimant shall
have presented the claim to the appropriate Federal agency and
[her] claim shall have been finally denied by the agency in writing
and sent by certified or registered mail." Id. Specifically, a
claimant must "present[] [the claim] in writing to the appropriate
Federal agency within two years after such claim accrues . . . ."
28 U.S.C. § 2401(b). If the agency denies the claim, the claimant
must commence an action "within six months after the date of
mailing, by certified or registered mail, of notice of final denial
of the claim by the agency to which it was presented." Id.
Otherwise, "[a] tort claim against the United States shall be
forever barred . . . ." Id. Moreover, the FTCA's administrative
exhaustion requirement qualifies as jurisdictional. See McNeil v.
United States, 508 U.S. 106, 109-113 (1993); Ahmed v. United
States, 30 F.3d 514, 516 (4th Cir. 1994). Therefore, under the
FTCA, "[a] plaintiff's failure to file a proper administrative

claim with the appropriate agency divests a federal court of subject matter jurisdiction." Freeze v. United States, 343 F. Supp. 2d 477, 481 (M.D.N.C. Nov. 15, 2004) (unpublished) (citing Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986)).

In the instant case, Plaintiff apparently provided a sworn statement at an Army recruiting center in Winston-Salem on August 22, 2014 (see Docket Entry 2-1 at 1-3), well over two years following the automobile accident on November 28, 2011 (see id. at 1). Thus, even assuming that providing such a statement would satisfy the FTCA's administrative exhaustion requirement, Plaintiff missed the deadline to present her claim to the Army. Furthermore, Plaintiff has not alleged that the Army actually reviewed and denied her claim or, in the event that Plaintiff did present her claim to the Army on an earlier date, that she brought the instant action within six months of that denial. (See Docket Entry 2 at 1-4; Docket Entry 2-1 at 1-8.) Given Plaintiff's burden to establish federal subject-matter jurisdiction, her claim cannot survive dismissal under such circumstances.

Alternatively, Plaintiff has not alleged facts to support the position that Defendant Jasinski acted within the scope of his employment at the time of the accident. "'Acting within the scope of his office or employment,' in the case of a member of the military or naval forces of the United States . . . , means acting in line of duty." 28 U.S.C. § 2671. Although Plaintiff's

attachment of a form used for reporting an accident involving a federal motor vehicle suggests that Defendant Jasinski may have been driving a government vehicle (<u>see</u> Docket Entry 2-1 at 4), "[m]ere proof of the ownership of [a vehicle] by the [A]rmy does not constitute a presumption or proof that the soldier driving it was so acting within the scope of his office or employment, or in the line of duty," <u>Friedman v. United States</u>, 139 F. Supp. 600, 602 (N.D. Ill. 1956) (internal quotation marks omitted) (citing <u>Mandelbaum v. United States</u>, 131 F. Supp. 187, 188 (E.D.N.Y. 1955), <u>rev'd on other grounds</u>, 251 F.2d 748 (2d Cir. 1958)).

Instead, under the FTCA, federal district courts look to the respondeat superior law of the state where the alleged tort occurred to determine whether a servicemember acted in the line of duty. <u>White v. Hardy</u>, 678 F.2d 485, 486-87 (4th Cir. 1982). In the instant case, Plaintiff's Complaint alleges that the automobile accident occurred in North Carolina. (Docket Entry 2-1 at 1.) Under North Carolina law, "'[t]o be within the scope of employment, an employee, at the time of the incident, must be acting in furtherance of the principal's business and for the purpose of accomplishing the duties of his employment.'" <u>Matthews v. Food Lion, LLC</u>, 205 N.C. App. 279, 282, 695 S.E.2d 828, 831 (2010) (quoting <u>Troxler v. Charter Mandala Ctr.</u>, 89 N.C. App. 268, 271, 365 S.E.2d 665, 668 (1988)). Accordingly, "the fact that an individual operated a vehicle with [his employer's] knowledge,

consent, or authorization is not determinative as to the
[employer's] liability." <u>Jackson v. Carland</u>, 192 N.C. App. 432,
437, 665 S.E.2d 553, 557 (2008). For instance, North Carolina
likely would not attribute liability to an employer for its
employee's negligent driving if the employee briefly departed from
his work duties for a personal errand. <u>See, e.g.</u>, <u>Bowser v.
Department of Corr.</u>, 147 N.C. App. 308, 311, 555 S.E.2d 618, 621
(2001).

Simply put, Plaintiff's filings contain no factual allegations
to support a reasonable inference that Defendant Jasinski acted in
the line of duty at the time of the automobile accident. (<u>See</u>
Docket Entry 2 at 1-4; Docket Entry 2-1 at 1-8.) "A claim has
facial plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged. The plausibility
standard . . . asks for more than a sheer possibility that a
defendant has acted unlawfully." <u>Iqbal</u>, 556 U.S. at 678 (internal
citations omitted). Plaintiff's failure on this point also divests
this Court of subject-matter jurisdiction. <u>See</u> <u>Kerns v. United
States</u>, 585 F.3d 187, 194 (4th Cir. 2009) ("[T]o establish subject
matter jurisdiction, an FTCA plaintiff bears the burden of
establishing, inter alia, that the Government employee was acting
within the scope of his or her employment at the time of the
accident. The scope-of-employment issue is thus, on its face, a

jurisdictional one - if [the employee] was acting outside the scope of her employment with the Government, the district court lacks jurisdiction over [the plaintiff's] FTCA claim."). Nor has Plaintiff included factual allegations to support jurisdiction based on diversity of citizenship for any state-law claim against Defendant Jasinski individually. (See Docket Entry 2 at 1-4; Docket Entry 2-1 at 1-8.)[2] For these reasons, this Court lacks subject-matter jurisdiction and Plaintiff's Complaint should be dismissed.

CONCLUSION

Plaintiff's Complaint falls short as a matter of law.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

/s/ L. Patrick Auld

**L. Patrick Auld**
**United States Magistrate Judge**

October 28, 2014

---

[2] The Complaint identifies Plaintiff as a resident of Forsyth County, North Carolina (Docket Entry 2 at 1); however, it does not identify the state citizenship of Defendant Jasinski (see id. at 1-4; Docket Entry 2-1 at 1-8). Given Plaintiff's burden to establish subject-matter jurisdiction, such circumstances cannot satisfy the diversity jurisdiction statute. See 28 U.S.C. § 1332(a).